**FILED**
**FEBRUARY 8, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY ANN HERTZ, ) | PLAINTIFF DEMANDS TRIAL BY JURY |
| Plaintiff, ) | |
| v. ) | No. |
| HUMANA HEALTH PLAN OF OHIO, LTD. ) | |
| d/b/a HUMANA INSURANCE COMPANY, ) | **08 C 864** |
| a Kentucky corporation registered in Illinois, ) | |
| SLAVIN & SLAVIN, an Illinois partnership, ) | **JUDGE LEFKOW** |
| MARK F. SLAVIN, an Individual, ) | **MAGISTRATE JUDGE MASON** |
| PAULA M. WISNIOWICZ, an Individual, and ) | |
| SHARI B. SLAVIN, an Individual, ) | |
| Defendants. ) | |

**COMPLAINT FOR BREACH OF ERISA
AND OTHER RELIEF**

Plaintiff, MARY ANN HERTZ, by her attorneys, WEINBERG LAW GROUP, LTD., complains of the Defendants and states the following:

**COUNT I: BREACH OF ERISA**

1.  Defendant SLAVIN & SLAVIN (hereinafter "LAW FIRM") has at all times relevant to this lawsuit been a law firm operating in the State of Illinois.

2.  Defendant MARK F. SLAVIN (hereinafter "MARK") has at all times relevant to this lawsuit been a lawyer licensed in the State of Illinois.

3.  Defendant MARK has at all times relevant to this lawsuit been a partner of LAW FIRM.

4.  Defendant SHARI B. SLAVIN (hereinafter "SHARI") has at all times relevant to this lawsuit been a lawyer licensed in the State of Illinois.

5.  Defendant SHARI has at all times relevant to this lawsuit been a partner of LAW FIRM.

6.      Defendant PAULA M. WISNIOWICZ (hereinafter "Wisniowicz") has at all times relevant to this lawsuit been the Office Manager of LAW FIRM.

7.      At all times relevant to this lawsuit, LAW FIRM has held a group health insurance policy (hereinafter "group policy" with Defendant HUMANA HEALTH PLAN OF OHIO, LTD. d/b/a HUMANA INSURANCE COMPANY (hereinafter "HUMANA").  **(See Certificate of Insurance, excerpts of which are attached hereto and incorporated herein as Exhibit A.)**

8.      On or around April 20, 2007, Plaintiff began employment at LAW FIRM as a paralegal.

9.      Plaintiff was qualified for the position of paralegal and performed to the expectations of LAW FIRM, MARK, and SHARI as to the position of paralegal.

10.     On or around June 1, 2007, Plaintiff started an individual health insurance plan offered through LAW FIRM with HUMANA (hereinafter "individual plan").

11.     On or around Sunday, July 15, 2007, Plaintiff injured her ankle in an accident unrelated to her employment with LAW FIRM.

12.     On or around July 15, 2007, Plaintiff left a telephone message at LAW FIRM advising MARK and LAW FIRM of her injury and that she would not be at work the next day.

13.     On or around July 16, 2007, Plaintiff advised MARK via telephone from the Hospital that her ankle injury would require surgery.

14.     During the telephone conversation referenced in Paragraph 13, MARK, on behalf of LAW FIRM, told Plaintiff not to worry about work during her medical emergency.

15.     On or around July 17, 2007, Plaintiff underwent ankle surgery.

16.     On or around July 19, 2007, LAW FIRM, through WISNIOWICZ terminated Plaintiff's employment with LAW FIRM.

17.     On or around July 19, 2007, LAW FIRM, through WISNIOWICZ sent Plaintiff an email that stated: "Be advised that in regards to your insurance continuation you are covered until the end of the month, July 31, 2007. Humana has your coverage as terminated and the state continuation form must be returned to them for your coverage to apply.  Beginning August 1, 2007 for coverage to apply you will need to send us a check for $727.84."

**(See Email from Wisniowicz to Hertz dated 1/19/07, attached hereto and incorporated herein as Exhibit B.)**

18. On or around August 8, 2007, Plaintiff received a medical bill dated July 21, 2007 indicating that her individual plan had been terminated.

19. On or around August 8, 2007, Plaintiff spoke to WISNIOWICZ by telephone.

20. During the telephone conversation referenced in Paragraph 19, WISNIOWICZ again represented that Plaintiff was eligible for continuation of her individual plan effective as of July 19, 2007 so long as Plaintiff sent a check to LAW FIRM in the amount of seven hundred twenty-seven dollars and eighty-four cents.

21. On or around August 8, 2007, Plaintiff sent a check for the above-referenced amount by certified mail, return receipt requested.

22. On or around August 21, 2007, LAW FIRM and MARK mailed Plaintiff a letter claiming that Plaintiff was previously given "erroneous information" regarding the continuation of her individual policy and claiming that Plaintiff was "not eligible for health insurance continuation." **(See Letter from Slavin to Hertz dated 8/21/07, attached hereto and incorporated herein as Exhibit C.)**

23. Due to WISNIOWICZ and LAW FIRM's representation that Plaintiff was eligible for continuation of her health insurance, Plaintiff did not apply for alternate health insurance.

24. Due to Plaintiff's lack of health insurance after July 19, 2007, charges incurred for physical therapy and additional surgery were not paid by HUMANA, and Plaintiff is being pursued personally for medical bills in excess of fifteen thousand dollars ($15,000.00).

25. Due to Plaintiff's lack of health insurance after July 19, 2007, Plaintiff was unable to obtain treatment by medical providers including but not limited to additional rehabilitation, a wheelchair, a walker, and orthotics.

26. Lack of medical care described in Paragraph 25 impeded Plaintiff's healing process and resulted in greater permanent injury to Plaintiff.

27. The EMPLOYMENT RETIREMENT INCOME SECURITY ACT OF 1974, 29 U.S.C.A. Ch. 18 (hereinafter "ERISA") applies to "any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C.A. §1103(a)

28. LAW FIRM's group policy was subject to ERISA.

29.     Plaintiff's individual plan was subject to ERISA.

30.     According to ERISA, a "civil action may be brought—(1) by a participant or beneficiary… (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. §1132(a)(1)(B)

31.     According to ERISA, "[i]n any action under this subchapter…by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. 1132(g)(1)

32.     According to ERISA, "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan… or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C.A. §1140

33.     LAW FIRM, MARK, SHARI and WISNIOWICZ discharged Plaintiff for the purpose of interfering with her attainment of rights to which she would have become entitled under the plan in violation of 29 U.S.C.A. §1140.

34.     According to ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets… or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.A. §1002(21)(A)

35.     LAW FIRM, MARK, SHARI, and WISNIOWICZ are fiduciaries of LAW FIRM's group plan.

36.     According to ERISA, "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and… (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims… and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter." 29 U.S.C.A. §1104(a)(1)

37.     According to the documents and instruments governing the plan, "[i]nsurance terminates on the earliest of the following… 5. For an Employee, the date he or she no longer qualifies as an Employee." **(See Exhibit A, page 35.)**

38. According to the documents and instruments governing the plan, "After a qualifying event, COBRA continuation coverage must be offered to each person who is a 'qualified beneficiary.'…. If you are an employee, you will become a qualified beneficiary if you lose your coverage under the Plan because either one of the following qualifying events happens: your hours of employment are reduced; or [y]our employment ends for any reason other than gross misconduct." **(See Notices, attached hereto and incorporated herein as Exhibit D.)**

39. According to the documents and instruments governing the plan, the "Employer will notify You in writing of Your right to continue coverage." **(See Exhibit A, page 36.)**

40. Fiduciaries LAW FIRM, MARK, SHARI, and WISNIOWICZ did not discharge their duties with respect to Plaintiff's individual plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims" in violation of 29 U.S.C.A. §1104(a)(1)(B).

41. Fiduciaries LAW FIRM, MARK, SHARI, and WISNIOWICZ did not discharge their duties with respect to Plaintiff's individual plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter" in violation of 29 U.S.C.A. §1104(a)(1)(D).

42. According to ERISA, "[i]n any action under this subchapter… by a participant, beneficiary or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. §1132(g)(1)

43. Defendants' violations of ERISA proximately caused damages to Plaintiff in excess of fifteen thousand dollars ($15,000.00) as previously described in Paragraph 24 of Count I of this Complaint.

44. This Court has subject matter jurisdiction of this matter pursuant to 29 U.S.C.A. §1132(e)(1).

45. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 29 U.S.C.A. §1132(e)(2), as the breaches of ERISA described herein occurred in Chicago, Cook County, Illinois.

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants HUMANA HEALTH PLAN OF OHIO, LTD. d/b/a HUMANA INSURANCE COMPANY, SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN, for specific damages in excess of $15,000.00 but less than $25,000.00 as follows:

    (a)    payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

    (b)    reimbursement of attorneys fees and costs of this action; and

(c)  such other further relief as this Court deems just and equitable.

## COUNT II: NEGLIGENT MISREPRESENTATION BY LAW FIRM, MARK, SHARI AND WISNIOWICZ

1. Plaintiff realleges and incorporates Paragraphs 1 through 45 of Count I as though they were set forth in full here.

2. LAW FIRM, MARK, SHARI, and WISNIOWICZ negligently misrepresented that Plaintiff was entitled to continuation coverage of her individual plan.

3. Plaintiff relied on this negligent misrepresentation and did not apply for alternate health insurance coverage.

4. Due to her reliance on this negligent misrepresentation, Plaintiff suffered damages including personal liability for medical bills and greater injury to her ankle as previously described in Paragraphs 24 through 26 of Count I of this Complaint.

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN, for specific damages in excess of $50,000 but less than $100,000.00 as follows:

(a)  payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

(b)  compensation for physical injury caused by Plaintiff's inability to procure necessary medical treatment due to acts or omissions by Defendants;

(c)  reimbursement of attorneys fees and costs of this action; and

(d)  such other further relief as this Court deems just and equitable.

## COUNT III: PROMISSORY ESTOPPEL BY LAW FIRM, MARK, SHARI AND WISNIOWICZ

1. Plaintiff realleges and incorporates Paragraphs 1 through 45 of Count I and Paragraphs 2 through 4 of Count II as though they were set forth in full here.

2. LAW FIRM, MARK, SHARI, and WISNIOWICZ's statements that Plaintiff qualified for continuation coverage of her individual plan represented an unambiguous promise.

3. Plaintiff relied on these statements and did not apply for alternate health insurance coverage.

4. Plaintiff's reliance on the statements was expected and foreseeable by LAW FIRM, MARK, SHARI, and WISNIOWICZ.

5. Due to her reliance on the unambiguous promise, Plaintiff suffered damages including personal liability for medical bills and greater injury to her ankle as previously described in Paragraphs 24 through 26 of Count I of this Complaint

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN, for specific damages in excess of $50,000 but less than $100,000.00 as follows:

(a) payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

(b) compensation for physical injury caused by Plaintiff's inability to procure necessary medical treatment due to acts or omissions by Defendants;

(c) reimbursement of attorneys fees and costs of this action; and

(d) such other further relief as this Court deems just and equitable.

## COUNT IV: BREACH OF CONTRACT TO PROCURE INSURANCE BY HUMANA

1. Plaintiff realleges and incorporates Paragraphs 1 through 45 of Count I, Paragraphs 2 through 4 of Count II, and Paragraphs 2 through 5 of Count III as though they were set forth in full here.

2. At all times relevant to this lawsuit, HUMANA was in the business of selling and providing health insurance.

3. On information and belief, LAW FIRM, MARK, SHARI, and WISNIOWICZ, acting on Plaintiff's behalf, submitted Plaintiff's proposal for health insurance continuation coverage to an agent of HUMANA on or around July 19, 2007. (**See letter from M. Slavin to M. Hertz dated 8/21/07, attached hereto and incorporated herein as Exhibit C.**)

4. On information and belief, on or around July 19, 2007, an agent of HUMANA advised LAW FIRM, MARK, SHARI, and/ or WISNIOWICZ that HUMANA agreed to insure Plaintiff through health insurance continuation coverage for a period of nine (9) months at a rate of seven hundred twenty-seven dollars and eighty-four cents ($727.84) per month. (**See Exhibit C.**)

5. On or around July 19, 2007, WISNIOWICZ advised Plaintiff of HUMANA's agreement to provide her health insurance continuation coverage. (**See email from Wisniowicz to M. Hertz, dated 7/19/07, attached hereto

**and incorporated herein as Exhibit B.)**

6. Plaintiff did not receive notification of HUMANA's claim that she was ineligible for health insurance continuation coverage from HUMANA until on or around August 22, 2007.

7. On information and belief, HUMANA did not inform LAW FIRM, MARK, SHARI, and WISNIOWICZ that it would not provide health insurance continuation coverage to Plaintiff until on or around August 14, 2007. **(See Exhibit C.)**

8. HUMANA did not act promptly, with due diligence and without unreasonable delay in notifying Plaintiff of HUMANA's claim that Plaintiff was ineligible for health insurance continuation coverage.

9. On information and belief, HUMANA did not act promptly, with due diligence and without unreasonable delay in notifying LAW FIRM, MARK, SHARI, and WISNIOWICZ of HUMANA's claim that Plaintiff was ineligible for health insurance coverage.

10. If notified promptly, with due diligence and without unreasonable delay of HUMANA's claim that Plaintiff was ineligible for health insurance continuation coverage, Plaintiff would have been able to obtain other health insurance coverage prior to undergoing expensive additional medical treatment.

11. Due to her reliance on HUMANA's agreement to provide health insurance continuation coverage, Plaintiff suffered damages including personal liability for medical bills and greater injury to her ankle as previously described in Paragraphs 24 through 26 of Count I of this Complaint.

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants HUMANA HEALTH PLAN OF OHIO, LTD. d/b/a HUMANA INSURANCE COMPANY for specific damages in excess of $50,000.00 but less than $100,000.00 as follows:

(a) payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

(b) compensation for physical injury caused by Plaintiff's inability to procure necessary medical treatment due to acts or omissions by Defendants;

(c) reimbursement of attorneys fees and costs of this action; and

(d) such other further relief as this Court deems just and equitable.

### COUNT V: NEGLIGENT MISREPRESENTATION BY HUMANA

1. Plaintiff realleges and incorporates Paragraphs 1 through 45 of Count I, Paragraphs 2 through 4 of Count II, Paragraphs 2 through 5 of Count III and Paragraphs 2 through 11 of Count IV as though they were set forth in full here.

2. On information and belief, HUMANA negligently misrepresented that Plaintiff was entitled to continuation coverage of her individual plan.

3. Plaintiff relied on this negligent misrepresentation and did not apply for alternate health insurance coverage.

4. Due to her reliance on this negligent misrepresentation, Plaintiff suffered damages including personal liability for medical bills and greater injury to her ankle as previously described in Paragraphs 24 through 26 of Count I of this Complaint.

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants HUMANA HEALTH PLAN OF OHIO, LTD. d/b/a HUMANA INSURANCE COMPANY for specific damages in excess of $50,000.00 but less than $100,000.00 as follows:

    (a) payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

    (b) compensation for physical injury caused by Plaintiff's inability to procure necessary medical treatment due to acts or omissions by Defendants;

    (c) reimbursement of attorneys fees and costs of this action; and

    (d) such other further relief as this Court deems just and equitable.

### COUNT VI: PROMISSORY ESTOPPEL BY HUMANA

1. Plaintiff realleges and incorporates Paragraphs 1 through 45 of Count I, Paragraphs 2 through 4 of Count II, Paragraphs 2 through 5 of Count III, Paragraphs 2 through 11 of Count IV, and Paragraphs 2 through 4 of Count V as though they were set forth in full here.

2. HUMANA's statements that Plaintiff qualified for continuation coverage of her individual plan represented an unambiguous promise.

3. Plaintiff relied on these statements and did not apply for alternate health insurance coverage.

4.   Plaintiff's reliance on the statements was expected and foreseeable by HUMANA.

5.   Due to her reliance on the unambiguous promise, Plaintiff suffered damages including personal liability for medical bills and greater injury to her ankle as previously described in Paragraphs 24 through 26 of Count I of this Complaint.

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against Defendants HUMANA HEALTH PLAN OF OHIO, LTD. d/b/a HUMANA INSURANCE COMPANY for specific damages in excess of $50,000.00 but less than $100,000.00 as follows:

(a)   payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint;

(b)   compensation for physical injury caused by Plaintiff's inability to procure necessary medical treatment due to acts or omissions by Defendants;

(c)   reimbursement of attorneys fees and costs of this action; and

(d)   such other further relief as this Court deems just and equitable.

Respectfully,

MARY ANN HERTZ

By: _____
One of her Attorneys

Rebecca L. Weinberg
Christopher D. Willis
Weinberg Law Group, Ltd.
2446 North Clark Street
Chicago, Illinois 60614
773/ 296-4900
rweinberg@weinberglaw.net