UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ANN HERTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-864 |
| ) | |
| HUMANA HEALTH PLAN OF OHIO, LTD. ) | Judge Lefkow |
| d/b/a HUMANA INSURANCE COMPANY, ) | |
| a Kentucky corporation registered in Illinois, ) | Magistrate Judge Mason |
| SLAVIN & SLAVIN, an Illinois partnership, ) | |
| MARK F. SLAVIN, an Individual, ) | |
| PAULA M. WISNIOWICZ, an Individual, and ) | |
| SHARI B. SLAVIN, an Individual, ) | |
| ) | |
| Defendants. ) | |

### HUMANA INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant HUMANA INSURANCE COMPANY, incorrectly sued as HUMANA HEALTH PLAN OF OHIO, LTD. ("Humana"), by its attorneys, William A. Chittenden III, Julie F. Wall, and Chittenden, Murday & Novotny LLC, states as follows for its Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint:

### I.    INTRODUCTION

Plaintiff MARY ANN HERTZ's Complaint for Breach of ERISA and Other Relief ("Complaint") stems from her communications with her employer, Defendant Slavin & Slavin, and certain owners or employees of Slavin & Slavin, Defendants Mark F. Slavin, Shari B. Slavin, and Paula M. Wisniowicz, regarding her ERISA-governed group health insurance after her employment with Slavin & Slavin was terminated on July 19, 2007.[1]  Plaintiff essentially claims that various misrepresentations were made by the Slavin Defendants which caused her to

---

[1] Slavin & Slavin, Mark F. Slavin, Shari B. Slavin, and Paula M. Wisniowicz are collectively referred to herein as the "Slavin Defendants."

believe that she was entitled to state continuation coverage under the employee welfare benefit plan established by her employer Slavin & Slavin through its purchase of group health insurance from Humana.  Specifically, Plaintiff asserts that due to the Slavin Defendants' representations that she was eligible for continuation coverage, she did not apply for alternate health insurance and has become liable for certain medical expenses incurred after her coverage with Humana terminated on July 19, 2007.  She also claims that she did not undergo certain medical treatment due to her lack of health insurance after July 19, 2007.

Based on these claims, Plaintiff asserts three counts against the Slavin Defendants.  In Count I, characterized as "Breach of ERISA," Plaintiff claims that the plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") and alleges that the Slavin Defendants breached ERISA by violating 29 U.S.C. §§1140, 1104(a)(1)(B), and 1104(a)(1)(D).  (*See* Complaint, Ex. A, Count I ¶¶28, 29, 33, 40, 41.)[2]  In Counts II and III, Plaintiff asserts state common law claims for Negligent Misrepresentation and Promissory Estoppel, respectively, against the Slavin Defendants related to their purported misrepresentations to her regarding her eligibility for continuation coverage after her employment with Slavin & Slavin terminated.

Plaintiff additionally purports to assert four claims against Humana in her Complaint.  In Count I for Breach of ERISA, Plaintiff does not allege any specific breach of ERISA or wrongdoing by Humana.  Despite this, she seeks from Humana (as well as the Slavin Defendants): "(a) payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint; (b) reimbursement of attorneys fees and costs of this action; and (c) such other further relief as this Court deems just and equitable."  (Complaint, Ex. A, pp. 6, 7).  In Count IV, entitled "Breach of Contract to Procure Insurance by Humana," Plaintiff claims that

---

[2] A true and correct copy of the Complaint is attached hereto as Exhibit A.

2

the Slavin Defendants, acting on her behalf, submitted her proposal for health insurance continuation coverage to an agent of Humana, Humana agreed to insure her for a period of nine months at a rate of $727.84 per month, Defendant Wisniowicz advised her of this agreement, she relied on this agreement, and she did not obtain other health insurance coverage, causing her damages.  In Counts V and VI, Plaintiff asserts claims for Negligent Misrepresentation and Promissory Estoppel, respectively, against Humana related to its purported misrepresentation that she was entitled to continuation coverage under her ERISA-governed policy after her employment terminated.

Plaintiff's claims against Humana fail to state valid causes of action and must be dismissed with prejudice.  Plaintiff has affirmatively pleaded that ERISA governs the Humana group health insurance policy which is the subject of this action and from which she believed she had continuation coverage.  (Complaint, Ex. A, Count I ¶28, 29).  Other than Count I, each of Plaintiff's claims against Humana purport to assert state common law causes of action that are indisputably preempted by ERISA because they relate to the subject ERISA plan.  For this reason alone, Counts IV, V, and VI of Plaintiff's Complaint must be dismissed with prejudice.  Count I also merits dismissal because, although she seeks relief from Humana in her prayer for relief, Plaintiff does not assert any wrongdoing by Humana in support of her "Breach of ERISA" theory.  Rather, all of the specific allegations of wrongdoing in support of that Count are directed against the Slavin Defendants.  Even if Count I could survive this, however, the relief Plaintiff seeks is payment of medical bills incurred *after* her coverage terminated on July 19, 2007. Plaintiff's express allegation that she did not have health insurance through Humana after July 19, 2007, which is the foundation upon which her Complaint is based, would defeat any claim for benefits under ERISA Section 1132(a)(1)(B) on its face, even if Plaintiff had properly stated

3

such a claim, which she has not. Finally, even if Plaintiff's state law claims were not preempted by ERISA, they would require dismissal because they are not cognizable under Illinois law. For each of these reasons, Plaintiff's Complaint must be dismissed with prejudice as stated against Humana.

## II.     ARGUMENT & AUTHORITIES

### A.     Plaintiff's State Law Claims Advanced in Counts IV, V, and VI are Preempted by ERISA and Must be Dismissed

#### 1.     ERISA governs the employee benefit plan on which Plaintiff bases her claims

Plaintiff's Complaint is predicated on the existence of group health insurance coverage she received from Humana through her employment with Slavin & Slavin. (*See* Complaint, Ex. A, Count I ¶¶8, 10, 27, 28, 29, 37, 38, 39, and Exhibit A to the Complaint (attaching certain pages of the subject Certificate of Insurance)). A complete true and correct copy of the Certificate of Insurance (the "Plan") upon which Plaintiff's claims are based is attached hereto as Exhibit B.[3] ERISA specifically defines an "employee welfare benefit plan" as follows:

> [A]ny plan, fund or program...established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, *through the purchase of insurance* . . . medical, surgical or hospital care or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. §1002(1)(A) (*emphasis added*). As affirmatively appears from a review of the allegations of the Complaint and the Plan, it is clear that Slavin & Slavin established an employee welfare benefit plan for its eligible employees and their dependents through its

---

[3] Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," is permissive in nature. "A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Documents attached to a motion to dismiss by the defendant are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *Id.*; *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 n. 12 (7th Cir. 1986).

4

purchase of health insurance coverage for its employees from Humana. As such, the employee welfare benefit plan at issue is governed by ERISA. *Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 241 (7th Cir. 1994); *Brundage-Peterson v. Compcare Health Services Ins. Corp.*, 877 F.2d 509, 510-511 (7th Cir. 1989) (employer's contractual arrangement with insurer to provide coverage for eligible employees constitutes an ERISA plan). Humana's alleged obligations to Plaintiff arise solely from this Plan, which, as Plaintiff has expressly recognized, constitutes an employee welfare benefit plan under ERISA.

### 2. Plaintiff's state law claims are preempted by ERISA

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). The United States Supreme Court has expressly held that ERISA bars all state common law causes of action to recover or clarify rights to benefits under an employee welfare benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). The *Pilot Life* court held that the civil enforcement provisions of ERISA provide the exclusive remedy for beneficiaries and participants seeking to recover benefits under an ERISA-regulated plan and concluded that the ERISA enforcement scheme displaced all state law remedies applicable to conduct governed by ERISA. Specifically, the Court stated:

> The policy choices reflected in the inclusion of certain remedies and exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in Section 502(a) of the statute as finally enacted . . . provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'

*Pilot Life*, 481 U.S. at 54, *quoting Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). These principles were recently reaffirmed by the Supreme Court in *Davila*, which

5

reiterated its holding in *Pilot Life* and stated: ". . . any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Davila*, 542 U.S. at 208-209.

It is well established that ERISA supersedes and preempts any and all state law claims that "relate to" an employee benefit plan. 29 U.S.C. §1144(a); *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). A state law "relates to" an employee benefit plan if it "has a connection with or reference to such plan." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. at 739; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). ERISA's preemption clause is to be construed broadly, preempting all state laws that have a "connection with or reference to" an employee benefit plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990); *Shaw*, 463 U.S. at 96-7.

ERISA's preemption clause is not limited to state laws specifically designed to affect employee welfare benefit plans; ERISA preempts both state common law and statutory causes of action. *Shaw*, *supra*, 463 U.S. at 98. Indeed, since the decision in *Pilot Life* and its companion case, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), numerous courts have held that state law causes of action related to claims under employee benefit plans, whether characterized as declaratory judgment, promissory estoppel, breach of contract, negligent misrepresentation, fraud, or others, including claims for extracontractual and punitive damages, are fully preempted and barred by ERISA. See *Cortez v. Michael Reese Health Plan, Inc.*, 980 F. Supp. 277, 279 (N.D. Ill. 1997) (Declaratory judgment claim preempted); *DeBartlolo v. Wal-Mart Stores, Inc.*, No. 01 C 5940, 2002 WL 338878, *2 (N.D. Ill. Mar. 4, 2002) (Estoppel and misrepresentation claims preempted); *Simon v. Allstate Employee Group Medical Plan*, No. 99 C 5212, 2000 WL

6

1011596, *2 (N.D. Ill. July 18, 2000) (same); *Integrated Health Services at Brentwood, Inc. v. Commonwealth Edison*, No. 98 C 0558, 1999 WL 1256255, *1 (N.D. Ill. Dec. 20, 1999) (Breach of contract and promissory estoppel claims preempted); *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 638-639 (7th Cir. 2004) (Breach of contract claim preempted); *Anderson v. Humana, Inc.*, 24 F.3d 889, 892 (7th Cir. 1994) (Illinois Consumer Fraud Act claim preempted); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (extracontractual or punitive damages claims preempted). The Seventh Circuit has consistently declined to consider state law claims where those claims arose from ERISA plans. *Dabertin v. HCR Manor Care, Inc.*, 177 F. Supp. 2d 829, 858 (N.D. Ill. 2001). "Moreover, ERISA preempts a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan." *Id. citing Fort Halifax Packing Co. Inc. v. Coyne*, 482 U.S. 1, 11 (1987).

Each of Plaintiff's state law claims against Humana, Breach of Contract to Procure Insurance by Humana (Count IV), Negligent Misrepresentation by Humana (Count V), and Promissory Estoppel by Humana (Count VI), are based on the fundamental allegation that she believed she was entitled to continuation coverage under the ERISA Plan. Essentially, Plaintiff claims that because of information provided to her by the Slavin Defendants, she thought she was insured under the Plan and thus did not apply for alternate health insurance coverage. As damages for each of these Counts, *inter alia*, Plaintiff seeks payment of medical bills since the day her employment terminated continuing as of the date that the Complaint was filed. All of these claims thus undisputedly "relate to" and have a "connection with" the ERISA plan and are preempted by ERISA. Because Plaintiff's state law claims are preempted, she cannot prove any set of facts that entitles her to the relief she seeks in Count IV, V, or VI. Consequently, these claims must be dismissed with prejudice by this Court for failure to state a claim.

B.  **Plaintiff Does Not State a Claim Against Humana Under ERISA in Count I**

As a review of Count I will reveal, Plaintiff does not allege any wrongdoing or breach of ERISA by Humana.  Rather, Plaintiff describes a series of communications that she had with several of the Slavin Defendants related to continuation coverage under her ERISA-governed health insurance Plan and alleges certain violations of ERISA for which she believes the Slavin Defendants are liable.  (Complaint, Ex. A, Count I ¶¶33, 35, 40, 41).  Indeed, other than in the prayer for relief, Plaintiff only mentions Humana twice in Count I: to identify Humana as the entity that issued the subject group health insurance policy to Slavin & Slavin (Count I ¶7); and to note that certain charges incurred after her health insurance with Humana ended on July 19, 2007 were not paid by Humana (Count I ¶24).  Plaintiff simply does not assert any basis upon which Humana could be liable under her "Breach of ERISA" theory.  Accordingly, Count I must be dismissed with prejudice as stated against Humana.

Even if Plaintiff's intention was to assert a claim for benefits under Section 1132(a)(1)(B) of ERISA in Count I, the claim still must be dismissed because Plaintiff has not alleged any facts in support of this claim.  Indeed, she did not allege that she submitted a claim for benefits under the Plan or that Humana denied any claim she submitted in breach of the Plan.

Moreover, even if the Court found that Plaintiff stated a Section 1132(a)(1)(B) claim in Count I, such a claim would be defeated by the express allegations of her Complaint.  In Count I, Plaintiff seeks as relief, *inter alia*, "payment of medical bills incurred after July 19, 2007 and continuing as of the date of this Complaint."  Throughout her Complaint, however, she alleges that her employment terminated with Slavin & Slavin on July 19, 2007 and she lacked health insurance coverage under the Plan after that date.  (Complaint, Ex. A, Count I ¶¶16, 22, 23, 24, and 25, Count II ¶2, Count V ¶2).  In fact, Plaintiff's entire Complaint hinges on the fact that she

8

did not have health insurance under the Plan after July 19, 2007, despite the Slavin Defendants' supposed assurances that she had continuation coverage under the Plan with Humana. Because Plaintiff concedes that she was not covered under the Plan after July 19, 2007, she simply cannot state a proper claim for benefits under Section 1132(a)(1)(B) for medical expenses incurred after that date. *See Hagan v. Metropolitan Life Ins. Co.*, 524 F. Supp. 2d 1085, 1088 (C.D. Ill. 2007) (It was appropriate for ERISA insurer to deny claim for life insurance benefits when employee died after his employment was terminated and his coverage under the group policy terminated when his employment ended). For this additional reason, Count I must be dismissed with prejudice.

C. **Plaintiff's Negligent Misrepresentation, Promissory Estoppel, and Breach of Contract to Procure Insurance Claims Are Legally Deficient and Must Be Dismissed, Even if Not Preempted by ERISA**

Plaintiff's Negligent Misrepresentation, Promissory Estoppel, and Breach of Contract to Procure Insurance Claims are each preempted by ERISA and require dismissal for the reasons set forth above. In the alternative, however, even if these claims could otherwise survive dismissal based on ERISA preemption, they must be dismissed for the following independent reasons.

1. **Plaintiff has not stated, and cannot state, a claim for negligent misrepresentation under Illinois law**

To state a claim for negligent misrepresentation under Illinois law, a plaintiff must allege: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information. *First Midwest Bank v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326, 334-335, 843 N.E.2d 327, 332 (Ill. 2006), *citing Board of Education of the City of Chicago v. A, C & S, Inc.*,

9

131 Ill. 2d 428, 452, 546 N.E.2d 580 (Ill. 1989).  In Count V, Plaintiff purports to state a claim for negligent misrepresentation by Humana, but utterly fails to do so.  Initially, Plaintiff has not pleaded that Humana made any representations *to her*; indeed, the facts set forth in the Complaint do not suggest any direct communications between Plaintiff and Humana.  Moreover, even if Humana had communicated directly with her, Plaintiff completely fails to allege any carelessness or negligence in ascertaining the truth of the statement by Humana, an intention to induce her to act by Humana, or any duty by Humana to communicate accurate information to her.[4]  Count V merits dismissal on these grounds alone.

Even if Plaintiff had alleged the elements of a negligent misrepresentation claim in Count V, however, her claim would still be barred because of the economic loss doctrine.  In *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (Ill. 1982), the Illinois Supreme Court held that plaintiffs cannot seek recovery in negligence for purely economic losses.  Since its decision in *Moorman*, the Illinois Supreme Court has repeatedly affirmed and developed its holding in that case.  Indeed, the Illinois Supreme Court recently revisited the economic loss doctrine and its decision in *Moorman* in *First Midwest Bank v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326, 338-339, 843 N.E.2d 327, 333-334 (Ill. 2006), explaining the only exceptions to the general rule that a party cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentations.  There, the court discussed the negligent misrepresentation exception to the *Moorman* doctrine, which exists where the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant who is in the

---

[4] Plaintiff also did not allege sufficient facts to support a claim that her reliance on the purported misrepresentation, that she was entitled to continuation coverage of the Plan, was reasonable. The Plan language clearly and unambiguously provides that an insured must be covered under the Plan for at least three consecutive months immediately prior to termination to be eligible for continuation coverage. (Plan, Ex. B, p. 36) Since Plaintiff's coverage began on June 1, 2007 and her employment terminated on July 19, 2007, it would be unreasonable as a matter of law for Plaintiff to believe that she qualified for continuation coverage under the Plan. (Complaint, Ex. A, Count I ¶¶10, 16).

10

business of supplying information for the guidance of others in their business transactions with third parties. *First Midwest Bank*, 218 Ill. 2d at 337-338. For purposes of the negligent misrepresentation exception, the court noted that the "focus must be on whether the defendant is in the business of supplying *information* as opposed to providing something tangible." *Id.* at 339. Applying the economic loss doctrine to the facts before it, the Illinois Supreme Court found that a title insurer is not in the business of supplying information when it issues a title commitment or a policy of title insurance, held that the negligent misrepresentation exception to the *Moorman* doctrine did not apply, and upheld the lower court's decision to dismiss the plaintiff's negligent misrepresentation claim with prejudice. *Id.* at 341. *See also Gerdes v. John Hancock Mutual Life Ins. Co.*, 712 F. Supp. 692, 699-700 (N.D. Ill. 1989) (Insurance companies and insurance agents are in the business of providing non-informational products, insurance policies, and thus are not in the business of supplying information).

Here, Humana is clearly not in the business of supplying information. Rather, it is in the business of providing something tangible to its customers -- insurance policies and coverage. Accordingly, since Plaintiff seeks purely economic losses as damages for her negligent misrepresentation claim, this claim must be dismissed with prejudice.

### 2. Plaintiff's claim for promissory estoppel must be dismissed

In Count VI, Plaintiff purports to state a claim for promissory estoppel under Illinois law. To establish such a claim, however, a plaintiff must allege and prove that: (1) the defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by the defendant, and (4) plaintiff relied on the promise to her detriment. *Ross v. May Company*, 377 Ill. App. 3d 387, 393, 880 N.E.2d 210, 217 (1st Dist. 2007), *citing Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 310, 565

N.E.2d 990 (Ill. 1990). A plaintiff's reliance also must be reasonable and justifiable. *Ross*, 377 Ill. App. 3d at 393. In this case, Plaintiff has not alleged that Humana made any unambiguous promise *to her*. To the contrary, as discussed above, the facts set forth in the Complaint do not even suggest that there were any direct communications between Plaintiff and Humana related to her continuation coverage. She further has not alleged that her reliance was expected and foreseeable by Humana or that it was reasonable and justifiable, which it clearly was not. *See* Footnote 4. For these additional reasons, Count VI must be dismissed with prejudice by this Court.[5]

### 3. Plaintiff does not state a claim for breach of contract to procure insurance

In Count IV of her Complaint, Plaintiff purports to allege a breach of contract to procure insurance by Humana. To plead breach of a contract to procure insurance, "it is sufficient if one of the parties to such a contract proposes to be insured and the other party agrees to insure, and the subject, the period, the amount and the rate of insurance are ascertained or understood, and the premium paid if demanded. (citations omitted)" *Pickett v. First American Savings & Loan Association*, 90 Ill. App. 3d 245, 252, 412 N.E.2d 1113, 1118-1119 (5th Dist. 1980). *See also Sears, Roebuck and Co. v. Fuqua Ins. Co. Ltd.*, No. 89 C 9418, 1990 WL 251744, *3-4 (N.D. Ill. Dec. 19, 1990). Plaintiff has not pleaded any of these elements in her Complaint. She has not alleged that she had an agreement with Humana to procure insurance on her behalf or that the subject, the period, and the rate of insurance were understood between her and Humana. Rather, her allegations suggest that the Slavin Defendants were the parties who were attempting to

---

[5] Plaintiff may attempt to argue that her estoppel claim is based in the federal common law of ERISA rather than state law. While there is no suggestion in the Complaint that she intended to state her promissory estoppel claim under ERISA, even if she did, it still merits dismissal for failure to state a claim. To state an estoppel claim in the ERISA context, a plaintiff must plead: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment. *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). Here, Plaintiff has not alleged any knowing misrepresentation made in writing by Humana. Nor could she allege reasonable reliance for the reasons previously argued herein. Accordingly, her estoppel claim would fail even if stated under ERISA's federal common law.

12

procure insurance on her behalf, not Humana. Thus, even if it could survive dismissal on grounds of ERISA preemption, which it cannot, this claim still must be dismissed with prejudice for failure to state a claim under Illinois law.

**WHEREFORE**, for the reasons set forth above, as well as those contained in its Motion to Dismiss Plaintiff's Complaint, Defendant HUMANA INSURANCE COMPANY, incorrectly sued as HUMANA HEALTH PLAN OF OHIO, LTD., respectfully requests that this Honorable Court dismiss Plaintiff's Complaint for Breach of ERISA and Other Relief with prejudice as stated against Humana, with Humana's costs awarded.

Respectfully submitted,

**HUMANA INSURANCE COMPANY**

By: /s/Julie F. Wall
One of its Attorneys

William A. Chittenden III
Julie F. Wall
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)

**Certificate of Service**

I hereby certify that on **April 11, 2008**, a copy of the foregoing **Defendant Humana Insurance Company's Memorandum of Law in Support of It's Motion to Dismiss Plaintiff's Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Rebecca L. Weinberg, Esq.
>Weinberg Law Group, Ltd.
>2446 N. Clark Street
>Chicago, IL 60614
>rweinberg@weinberglaw.net
>
>
>Kathleen A. Sweitzer, Esq.
>Si-Yong Yi, Esq.
>Tressler, Soderstrom, Maloney & Priess, LLP
>233 S. Wacker Drive
>Sears Tower - Suite 2200
>Chicago, IL 60606
>ksweitzer@tsmp.com
>syi@tsmp.com

>/s/ Julie F. Wall

William A. Chittenden III
Julie F. Wall
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\HU832\41124 Hertz\Pleadings\MTD - Memo - FINAL.doc