SYY/430203                    Firm No. 14503                    240-199

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY ANN HERTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 864 |
| ) | |
| HUMANA HEALTH PLAN OF OHIO, LTD. ) | Judge Lefkow |
| d/b/a HUMANA INSURANCE COMPANY, a ) | |
| Kentucky corporation registered in Illinois, ) | Magistrate Judge Mason |
| SLAVIN & SLAVIN, an Illinois partnership, ) | |
| MARK F. SLAVIN, an Individual, ) | |
| PAULA M. WISNIOWICZ, an individual, and ) | |
| SHARI B. SLAVIN, an Individual, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS, SLAVIN & SLAVIN, MARK SLAVIN, PAULA WISNIOWICZ, AND SHARI SLAVIN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Now come Defendants, SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN (hereinafter collectively "Slavin"), by and through their attorneys, Tressler, Soderstrom, Maloney & Priess LLP, and hereby submit their Memorandum of Law in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   INTRODUCTION

On February 8, 2008, Plaintiff, Mary Ann Hertz, ("Plaintiff") filed the Complaint in this matter against Slavin, and Humana Health Plan of Ohio, Ltd. d/b/a Humana Insurance Company seeking damages for breach of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et seq.*, ("ERISA") and other relief. Plaintiff brings the following claims against Slavin: Count I—Breach of ERISA; Count II—Negligent

Misrepresentation; and Count III—Promissory Estoppel. More specifically, in Count I, Plaintiff brings claims in Count I under Sections 1132(a)(1)(B) and alleges violations of 1140 and 1104 of ERISA.

All of Plaintiff's claims against Slavin in Count I should be dismissed for failure to exhaust administrative remedies. In addition, Plaintiff's claims in Count I for violation of Sections 1104 and 1140 cannot be maintained under ERISA, and therefore, must be dismissed. Finally, Plaintiff's claims in Counts II and III should be dismissed with prejudice as they are preempted by ERISA.

## II. FACTUAL BACKGROUND

Plaintiff brings the following allegations in the Complaint. Slavin & Slavin ("Law Firm") is an Illinois law firm, and Mark Slavin and Shari Slavin are partners at the Law Firm. (Compl. ¶¶ 1-5). Paula Wisniowicz ("Wisniowicz") is the Office Manager at the Law Firm. (*Id.* ¶ 6). At all relevant times, the Law Firm maintained a group health insurance policy ("Plan") with Humana Insurance Company. (*Id.* ¶ 7).

On or around April 20, 2007, Plaintiff began employment at Law Firm as a paralegal, and thereafter on or around June 1, 2007, Plaintiff started an individual health insurance plan offered through the Law Firm with Humana. (*Id.* ¶¶ 8, 10). On or around July 15, 2007, Plaintiff injured her ankle in an accident unrelated to her employment with the Law Firm, and she did not go to work the next day. (*Id.* ¶¶ 11-12). The Law Firm terminated Plaintiff's employment on or around July 19, 2007. (*Id.* ¶ 16). Wisniowicz sent Plaintiff a letter on July 19, 2007 stating that Plaintiff's insurance is covered until July 31, 2007, and that Plaintiff would need to make a payment in order for her insurance to continue. (*Id.* ¶ 17). On August 21, 2007, the Law Firm mailed a letter to Plaintiff

2

stating that Humana had previously provided erroneous information regarding continuation of her insurance coverage and that Plaintiff is not eligible for health insurance coverage. (*Id.* ¶ 22, also Compl. Ex. C).

Law Firm's Plan was subject to ERISA. (*Id.* ¶¶ 28-29). According to the Certificate of Insurance governing the ERISA plan, insurance terminated on the earliest of "... [f]or an Employee, the date he or she no longer qualifies as an Employee." (*Id.* ¶ 37, also Compl. Ex. A, p. 35). Also, the Certificate of Insurance stated that "[i]f Your medical coverage under the Policy terminates due to loss of employment You may continue medical coverage for You and Your covered Dependents if "You were covered under the Policy for at least three consecutive months immediately prior to termination." (Compl. Ex. A, p. 36). In addition, the Plan Notices clearly outline the procedures for appeals of adverse determinations. (Compl. Ex. D, pp. 6-7). The Notices also explain that "[u]pon completion of the appeals process under this section, a claimant will have exhausted his or her administrative remedies under the plan." (Compl. Ex D, p. 8). Furthermore, under the Plan, "[n]o lawsuit may be brought with respect to plan benefits until all remedies under the plan have been exhausted." (Compl. Ex D, pp. 8-9).

### III. ARGUMENT

A.  **Standard For A Motion To Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)**

In assessing the merits of the complaint for purposes of a motion to dismiss, the court accepts the factual allegation of the complaint as true. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). A court may grant a motion to dismiss if it is clear that no

relief is available under any set of facts that could be proved consistent with the allegations of the complaint. *Hishon v. King & Spaulding,* 467 U.S. 73 (1984).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "short and plain statement" must be enough "'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly,* --U.S.--, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Rule 8(a) (2) requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests. *Id.* at n.3.

The Seventh Circuit noted that in *Bell Atlantic*, the Supreme Court "retooled the federal pleading standards, retiring the oft-quoted *Conley* formulation that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atlantic,* at 1969) (*Conley*'s "famous observation has earned its retirement").

The Seventh Circuit explained that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atlantic,* 127 S. Ct. at 1964-65). Instead, the court held, the factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Id.* (quoting *Bell Atlantic,* at 1965 and *EEOC v. Concentra Health Svcs., Inc.,* 496 F.3d 773,

776-77 (7th Cir. 2007)); *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007).

### B. Plaintiff Has Failed To Exhaust Administrative Remedies

Even though a requirement to exhaust internal plan remedies is not specifically written into ERISA, courts have held that exhaustion is ordinarily a useful prelude to a lawsuit. *Ames v. American Nat'l Can Co.*, 170 F.3d 751 (7th Cir. 1999). In referring to its preference for exhaustion, the Seventh Circuit has stated, "[a]n ERISA plaintiff must exhaust all available remedies before filing a suit to challenge a denial of benefits." *Ruttenberg v. U.S. Life Ins. Co*, 413 F.3d 652, 662 (7th Cir. 2005).

In addition, the Seventh Circuit specifically has long recognized the useful function served by the exhaustion requirement. Not only does the exhaustion requirement serve the purpose of providing an administrator's interpretation of an ERISA plan, the exhaustion requirement also "enables plan fiduciaries to . . . assemble a factual record which will assist a court in reviewing [their] actions." *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (court finding that district court did not abuse its discretion by requiring a plaintiff to exhaust her administrative remedies prior to filing a federal lawsuit alleging a violation of ERISA). The Seventh Circuit also noted that Congress's intent in mandating internal claims procedures found in ERISA was to minimize the number of frivolous lawsuits promote a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement. *Id.* Accordingly, exhaustion "support[s] the important public policy of encouraging private rather than judicial resolution of disputes under ERISA." *Id.* Therefore, the Seventh Circuit concluded that the decision to require exhaustion as a prerequisite to bringing a federal

lawsuit is a matter within the discretion of the trial court and its decision will be reversed only if it is obviously in error. *Id.* The Seventh Circuit has required exhaustion for not only denials of claims for benefits, but for statutory claims as well. *Id.* at 650; *Powell v. AT & T Communications, Inc.*, 938 F.2d 823, 824 (7th Cir. 1991).

### 1.   Plaintiff's Failure to Exhaust Administrative Remedies

As Plaintiff's Complaint and supporting exhibits illustrate, the Plan Notices require administrative appeals of adverse determinations. The Notices could not be clearer. The headlines for "Appeals of adverse determinations," "Exhaustion of remedies," and "Legal actions and limitations" are set in bold font, in bigger font size than the rest of the main text of the Notices. The Notices explain the appeals process, and further explain that the administrative remedies under the plan are exhausted once the appeals process is complete. Only after all remedies under the plan have been exhausted, may a claimant bring a lawsuit with respect to plan benefits. Absent from Plaintiff's Complaint is any mention of satisfying the requirement of exhaustion. *See DeBartolo v. Plano Molding Co.*, Case No. 01 C 8147, 2002 WL 1160160 (N.D. Ill. May 29, 2002)[1]; *Coats v. Kraft Foods, Inc.*, 12 F. Supp. 2d 862, 869 (N.D. Ind. 1998). Contrary to the requirements of the Plan, Plaintiff filed this suit without exhausting administrative remedies. Therefore, this case should be dismissed.

---

[1]   The cases available in electronic format cited to herein will be attached as Exhibit A.

### 2. Plaintiff's Failure to Exhaust Administrative Remedies Is Not Excused

The Seventh Circuit has carved out two circumstances under which failure to exhaust administrative remedies would be excused. A plaintiff's failure to exhaust administrative remedies is excused: (1) where there has been a lack of meaningful access to the review procedures; (2) where exhaustion of internal remedies would be futile. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). Plaintiff fails to meet either of these conditions.

Plaintiff does not establish, let alone allege, that there has been a lack of meaningful access to the Plan review procedures. Plaintiff did not even attempt to access Plan review procedures. One court found that plaintiffs did not show that they were denied meaningful access to the claims procedures when they had in their possession numerous documents and publications instructing them how to proceed, including the SPD and a complete description of these procedures in employee handbook. Similarly, Plaintiff had access to claims procedures when she had in her possession documents such as Insurance Certificate and Notices, which she has attached as exhibits to Plaintiff's Complaint, instructing her how to proceed with the administrative remedies.

In addition, to fall under the "futility" exception, a plaintiff must show that "it is certain that [its] claim will be denied on appeal, not merely that [it] doubts that an appeal will result in a different decision." *Medical Alliances v. American Medical Security*, 144 F. Supp. 2d 979, 983 (N.D. Ill. 2001). That is, a plaintiff must show that its claim would be denied with certainty. *Id.* Moreover, the mere fact that the individual named defendant would be the one reviewing the plaintiff's administrative appeal is not enough to relieve plan participants of the duty to exhaust remedies. *Id.* Tellingly, Plaintiff has

not alleged any facts from which certain futility can be established. Accordingly, Plaintiff has failed to allege facts sufficient to excuse exhaustion of administrative remedies. Therefore, this case must be dismissed.

### C. Plaintiff's Claims For Breach Of Fiduciary Duty Cannot Be Maintained Under ERISA

#### 1. Plaintiff's claim for breach of fiduciary duty is merely a disguised claim for benefits, and thus must be dismissed

In 1996, the Supreme Court resolved a split in the circuits and determined that Section 1132(a)(3) of ERISA supported a cause of action for individual relief for breach of fiduciary duty. *Varity Corp. v. Howe*, 516 U.S. 489 (1996). The Supreme Court determined that Section 1132(a)(3) was a catchall provision that could be utilized for certain violations of ERISA that did not fit under the other subsections of Section 1132(a) of ERISA, the enforcement section. However, the Court also held that that a participant cannot seek relief under Section 1132(a)(3) if the alleged violations are adequately remedied under other provisions of Section 1132 of ERISA. In responding to fears that every benefit claim would be transformed into a breach of fiduciary duty claim, the Court indicated "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 515.

Other circuits have since held similarly. *Bowes v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999) (reliance on 1132(a)(3) is not necessary when 1132(a)(2) provides sufficient relief); *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999) (participant had no 1132(a)(3) claim for equitable relief because adequate relief was available under 1132(a)(1)(B)); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998)

8

(1132(a)(3) was limited to relief for participants who could not avail themselves of Section 1132's other remedies); *Tolson v. Avondale Industries*, 141 F.3d 604, 610 (5th Cir. 1998) (because 1132(a)(1)(B) provides for a remedy for benefits, plaintiff does not have a right to a cause of action for breach of fiduciary duty under 1132(a)(3)).

Although the Seventh Circuit has not directly addressed this issue, other courts in the Northern District of Illinois have followed *Varity*, and held that where relief can be obtained under Section 1132(a)(1)(B), it cannot also be sought under 1132(a)(3). *See Heroux v. Humana Ins. Co.*, Case No. 04 C 304, 2005 WL 1377854 (N.D. Ill. June 8, 2005); *Brosted v. Unum Life Ins. Co.*, 349 F. Supp. 2d 1088, 1092 (N.D. Ill. 2004) (plaintiff could not maintain an action under Section 1132(a)(3) when he could pursue a claim under Section 1132(a)(1)(B)); *Hedeen v. Aon Corp.*, Case No. 04 C 3360, 2004 WL 2434230, at *4 (N.D. Ill. Oct. 28, 2004) (When a direct claim for benefits is available, therefore, a plaintiff cannot seek the same relief under Section 1132(a)(3)); *Clark v. Hewitt Assoc., Inc.*, 294 F. Supp. 2d 946, 949-950 (N.D. Ill. 2003) (unsuccessful claim under Section 1132(a)(1)(B) did not justify relief under Section 1132(a)(3)).

In this case, Plaintiff merely alleges, "[Slavin] did not discharge [its] duties with respect to Plaintiff's individual plan…" in violation of Section 1104. (Compl. ¶¶ 40, 41). Plaintiff's claims with respect to Slavin relate solely to the claim for benefits. Clearly, Plaintiff is merely "shoehorning" the claim for benefits into a claim for breach of fiduciary duty. This is further evident by Plaintiff's prayer for relief in Count I, which seeks only payment of medical bills. At the end of the day, Plaintiff's only claim is for allegedly unpaid benefits. Because Plaintiff could obtain all the relief she needs under

Section 1132(a)(1)(B), a breach of fiduciary duty claim is not appropriate. Pursuant to *Varity*, dismissal with prejudice is appropriate.

### 2. Plaintiff fails to state a claim for breach of fiduciary duty against Slavin

In the alternative, Plaintiff's claims for breach of fiduciary duty must be dismissed as there are no allegations that Slavin was a fiduciary with respect to the Plan. In Section 1002(21)(A) of ERISA, a fiduciary is defined as:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

Here, there are no allegations in the Complaint that Slavin exercised discretionary authority or control respecting management of the Plan. In addition, there are no allegations that Slavin exercised any authority or control over the management of Plan assets. Moreover, there are no allegations that Slavin renders any investment advice for the plan. Indeed, there are no allegations whatsoever regarding Slavin's role with respect to the Plan. Merely stating the position held with the Law Firm, *i.e.* office manager or partner, is not enough under *Bell Atlantic*. Accordingly, Plaintiff's claims for breach of fiduciary duty must be dismissed.

Even assuming that Plaintiff has properly alleged that Slavin is a fiduciary with respect to the Plan, there are no allegations in the Complaint that Slavin attempted to disadvantage or deceive Plaintiff with respect to the Plan. The Seventh Circuit has held

that this is a requirement in alleging a breach of fiduciary duty. *See Baker v. Kingsley*, 387 F.3d 649, 661 (7th Cir. 2004). Here, Plaintiff has made no allegations regarding Slavin's intent to deceive or disadvantage. In fact, Plaintiff titles Count II of the Complaint "negligent misrepresentation" when referring to the statements made by Slavin about continuation coverage. Thus, Plaintiff's fiduciary duty claims must be dismissed for failure to state a claim as there clearly are no claims of the intent to deceive or disadvantage.

### D. Plaintiff's Section 1140 Claims Must Be Dismissed For Failure To State A Claim Or Seek Any Relief Under ERISA

In this case, Plaintiff alleges that she was discharged "for the purpose of interfering with attainment of her rights...." (Compl. ¶33). Plaintiff has merely recited the elements of Section 1140, which is insufficient under *Bell Atlantic*. In addition, Plaintiff seeks no relief for violations of Section 1140. In Count I of the Complaint, she seeks only payment of her medical bills and attorneys' fees. Slavin is left to guess the rights Plaintiff was seeking when she was discharged and what relief Plaintiff is seeking under ERISA for violations of those rights. Because the Complaint is devoid of factual allegations and any request for potential relief that could be obtained under Section 1140, Plaintiff's claims should be dismissed.

### E. Plaintiff's Claims In Counts II And III Are Preempted By ERISA And Therefore Must Be Dismissed With Prejudice

Plaintiff brings claims against Slavin in Count II for negligent misrepresentation and Count III for promissory estoppel. These claims are preempted by ERISA, and therefore, must be dismissed with prejudice.

1.  **Plaintiff's claims in Counts II and III are completely preempted**

Pursuant to the complete preemption exception to the well pleaded complaint rule under ERISA, the Supreme Court found that Congress determined that ERISA so completely preempts this area that any civil complaint raising this select group of claims is necessarily federal in character and requires a recharacterization of any state law claim that could be considered to arise only under Section 1132(a) of ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

Congress established employee benefit plan regulation as exclusively a federal concern and Congress thereby enacted Section 1144 of ERISA, the federal preemption section. *See* 29 U.S.C. § 1144; *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, (1981). The detailed provisions Section 1132 of ERISA set forth a comprehensive enforcement scheme, and the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA plan participants and beneficiaries were able to obtain remedies under state law that Congress rejected in ERISA. Congress did not intend to authorize remedies other than the ones found in the Act. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). ERISA civil enforcement remedies were intended to be <u>exclusive</u>. ERISA provides the exclusive federal cause of action for the resolution of disputes whenever the cause of action could be seen as arising under Section 502(a). *Taylor*, 481 U.S. at 63-64.

In *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir. 1996), the court found that a claim brought under Section 1132(a) provides the basis for complete preemption. The court outlined a three factor test for determining whether a claim is within the scope of Section 1132(a): (1) whether the plaintiff is eligible to bring a claim

under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via Section 1132(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Id.* at 1487 (citation omitted). Applying the test, the court held that the plaintiff's negligence claim was in effect a claim for denial of benefits, which could not be resolved without interpreting the benefits contract. Although the plaintiff argued that she was not availing herself of the ERISA statute, the court noted that plaintiff misses the point that ERISA's preemptive force is so powerful that it converts "a state law claim into an action arising under federal law." *Id.* at 1490 (quoting *Taylor*, 481 U.S. at 64).

In the instant case, Plaintiff readily admits in the Complaint that the health plan is subject to ERISA. (Compl. ¶29). Plaintiff's claims in Counts II and III meet the factors outlined in *Jass*. First, she is a participant under the Plan, and accordingly, entitled to bring a claim under Section 502(a).[2] In addition, her claim falls within Section 1132(a) as she is requesting the payment of her medical bills in both Counts II and III. Finally, a determination of Plaintiff's claims for continuation coverage and the payment of medical bills cannot be made without interpretation of the Plan.

Accordingly, the claims in Counts II and III are related to Plaintiff's alleged entitlement to benefits under ERISA, and are completely preempted. Plaintiff's claim of compensation for physical injury is merely based on the denial of benefits, and thus, is also preempted. "If a claim is within the scope of Section 1132(a), then a participant's ability to recover damages is limited." *Jass*, 88 F.3d at 1491. Because Plaintiff has

---

[2]   Slavin admits this fact only for the purposes of this Memorandum.

already pleaded a claim for benefits under ERISA in Count I, Counts II and III become duplicative and must be dismissed with prejudice.

### 2. Plaintiff's claims are also preempted pursuant to Section 1144(a) of ERISA

In the alternative, if this Court finds that Plaintiff's claims in Counts II and III are not completely preempted, then they are still must be dismissed pursuant to Section 1144(a), which preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA." 29 U.S.C. § 1144(a). Under the judicial doctrine of conflict preemption, state law is preempted if it conflicts with federal law. *English v. G.E. Elec. Co.*, 496 U.S. 72, 79 (1990). "ERISA preemption is, therefore, not limited to displacement of state laws affecting employee benefit plans, but rather extends to any state cause of action that has a 'connection or reference to' an ERISA plan." *Pilot Life*, 481 U.S. at 41. "A state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). A state statute or law is preempted by ERISA if it provides a form of ultimate relief in a judicial forum that added to the judicial remedies provided by ERISA. *Rush Prudential HMO v. Moran*, 536 U.S. 355, 379 (2002).

Here, both of Plaintiff's claims in Counts II and III for negligent misrepresentation and promissory estoppel directly relate to the Plan and the alleged failure to provide continuation coverage under the Plan. Plaintiff claims that Slavin made statements regarding her eligibility for continuation coverage under the Plan. The basis for the relationship between Plaintiff and Slavin arises from the Plan. Thus, Plaintiff's

claims in Counts II and III must be dismissed with prejudice with prejudice as they relate to the plan and are preempted pursuant to Section 1144(a) of ERISA.

## IV.   CONCLUSION

For the above reasons, Plaintiff's claims in Count I should be dismissed for failure to exhaust administrative remedies. In the alternative, because Plaintiff's claims in Count I for violation of Sections 1104 and 1140 cannot be maintained under ERISA, they must be dismissed. Finally, Plaintiff's claims in Counts II and III should be dismissed with prejudice as they are preempted by ERISA.

Respectfully submitted,

SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN

By: /s/ Kathleen A. Sweitzer
    One of Their Attorneys

Kathleen A. Sweitzer (IL ARDC No. 6230373)
Si-Yong Yi (IL ARDC No. 6292096)
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, a copy of the foregoing Defendants, Slavin & Slavin, Mark F. Slavin, Paula M. Wisniowicz, and Shari B. Slavin's Memorandum in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties by via the Court's electronic filing system. Parties may access this filing through the Court's system.

Rebecca L. Weinberg, Esq.
Weinberg Law Group, Ltd.
2446 N. Clark Street
Chicago, IL 60614
rweinberg@weinberglaw.net

William A. Chittenden III
Julie F. Wall
Chittenden, Murday & Novotny, LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
wchittenden@cmn-law.com
jwall@cmn-law.com

                                      /s/ Kathleen A. Sweitzer

Kathleen A. Sweitzer (IL ARDC No. 6230373)
Si-Yong Yi (IL ARDC No. 6292096)
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 Fax