IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARY ANN HERTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 864 |
| ) | |
| HUMANA HEALTH PLAN OF OHIO, LTD. ) | |
| d/b/a HUMANA INSURANCE COMPANY, ) | |
| a Kentucky corporation registered in Illinois, ) | Judge Lefkow |
| SLAVIN & SLAVIN, an Illinois Partnership, ) | |
| MARK F. SLAVIN, an Individual, ) | |
| PAULA M. WISNIOWICZ, an Individual, and ) | Magistrate Judge Mason |
| SHARI B. SLAVIN, an Individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO HUMANA INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT and DEFENDANTS SLAVIN & SLAVIN, MARK SLAVIN, PAULA WISNIOWICZ AND SHARI SLAVIN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff MARY ANN HERTZ, by her attorney, WEINBERG LAW GROUP, LTD. hereby submits her Response to the Motions to Dismiss of HUMANA INSURANCE COMPANY (hereinafter "Humana") and SLAVIN & SLAVIN, MARK F. SLAVIN, PAULA M. WISNIOWICZ, and SHARI B. SLAVIN (collectively "Slavin") and in support thereof states the following:

A.  <u>Standard of Review for a Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)</u>

Defendants' motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F .3d 750, 753 (7th Cir.2002). A Rule 12(b)(6) motion tests the sufficiency of a complaint. It is not designed to resolve the case on the merits. *Petri v. Gatlin,* 997 F.Supp. 956, 963 (N.D.Ill.1997) (citing 5A Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1356, at 294 (2d ed.1990)). When determining whether to grant a 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true. *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480, 483 (7th Cir.1997). A court must also draw all reasonable inferences in the plaintiff's favor. *Id.* Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattice v. Memorial Hosp. Of South Bend, Inc.,* 249 F.3d 682, 684 (7th Cir.2001), citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *Accord Hishon,* 467 U.S. 69, 73 (Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

"Federal complaints plead *claims* rather than facts." *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir.2006). Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain ... English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999); FED.R.CIV.P. 8(a)(2). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa,* 438 F.3d at 714. "A full narrative is unnecessary." *Id.; see also, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir.2005); *Bartholetv. ReishauerA.G. (Zurich),* 953 F.2d 1073,1077-78 (7th Cir.1992). Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." *Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054,1057 (7th Cir.1998).

B.   Conflicts between the Notices Packet and the Certificate of Insurance

Exhibit B of Humana's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint purports to be Plaintiff's entire Humana Plan (the "Humana Plan"). For the sake of clarity, Plaintiff has

broken the Humana Plan into two parts: the Certificate of Insurance and the Notices Packet. (See Certificate of Insurance, attached hereto and incorporated herein as Exhibit A and Notices Packet, attached hereto and incorporated herein as Exhibit B). Although both the Certificate of Insurance and the Notices Packet purport to be the same health insurance plan, there are several conflicting statements within each of these documents. Humana acknowledges that there may be conflicts, and on the front page of the Notices Packet, makes very clear that in the event that a conflict between the Certificate of Insurance and the Notices Packet, Plaintiff is eligible for whichever statement is most beneficial for Plaintiff. In bold, larger type, the front page of the Notices Packet states:

> **The following pages contain important information about Humana's claims procedures and certain federal laws. There may be differences between the Certificate of Insurance and this Notice packet. The Plan participant is eligible for the rights more beneficial to the participant.**

Quite clearly, any conflicts between the Certificate of Insurance and the Notices Packet should be resolved by considering Plaintiff's best interests.

C.   <u>Contrary to the Allegations of Defendant Slavin, Plaintiff has Exhausted All Administrative Remedies.</u>

Defendant's Motion to Dismiss alleges that Plaintiff never exhausted administrative remedies to appeal Humana's determination, and therefore is not eligible to file an ERISA claim. However, even though the Certificate of Insurance and attached Notices Packet provide conflicting direction on how to exhaust administrative remedies, Plaintiff did exhaust all administrative remedies under the Humana Plan.

There are several instances where the Humana Plan discusses administrative remedies. In the Certificate of Insurance, the "Claim Appeal Procedure" notes that "[y]our appeal must be submitted in writing within 60 days of [y]our request." See Exhibit A, page 70. Under "Legal Action," the insured "cannot bring an action at law or at equity to recover a claim until 60 days after the date written proof of loss is made." See Exhibit A, page 72. Also, the Certificate of Insurance gives an "Important Notice" that "[p]rior to

3

requesting an external review, the Covered Person of his/her designated representative must first exhaust the internal grievance, with the following exceptions:… If [Humana does] not respond to an individual's internal grievance within 35 calendar days of the written submission, and without any agreement or request by the Covered Person or his/her designated representative to grant a delay, the Covered Person may file a request for an external review; then the Covered Person will be considered to have exhausted [Humana's] internal grievance process." See Exhibit A, page 90.  This page notes that the Covered Person may write to Humana Insurance Company at "Humana Grievance & Appeals Office, P.O. Box 14618, Lexington, KY 40512-4618."

Contrary to the Certificate of Insurance, the Notices Packet mandates that "a claimant must appeal an adverse determination within <u>180 days</u> after receiving written notice of the denial (or partial denial).  An appeal may be made by a claimant by means of written application to Humana, in person, or by mail, postage prepaid." See Exhibit B, page 6. (italics omitted)  The Notices claim that Humana will provide notice of decision on appeal of post-service claims "within a reasonable period but no later than 60 days after Humana receive the appeal request." See Exhibit B, page 7.  According to page 8 of the Notices, "[u]pon completion of the appeals process under this section, a *claimant*, will have exhausted his or her administrative remedies under the plan.  If Humana fails to complete a claim determination or appeal within the time limits set forth above, the claim shall be deemed to have been denied and the claimant may proceed to the next level in the review process." See Exhibit B, page 8.

Plaintiff learned of Humana's adverse decision as to her continuation coverage on August 21, 2007 in her letter from Defendant Mark Slavin.  Even before notice of the adverse determination, on August 8, 2007, Plaintiff wrote a letter to Defendant Humana asking about her insurance coverage.  (See Letter from Hertz to Martin dated 8/8/07, attached hereto and incorporated herein as Exhibit C.)  On February 11, 2008, Plaintiff's attorney Christopher Willis called Humana to inquire as to how to appeal an adverse determination.  On February 18, 2008, within 180 days of notice of the adverse determination, Mr. Willis

4

sent a letter on Plaintiff's behalf to the Humana Grievance & Appeals Office stating that "[t]he purpose of this letter is to appeal the determination made by Humana that [Plaintiff] was not eligible for continuation coverage." (See Letter from Willis to Humana Grievance & Appeals Office dated 2/18/08, attached hereto and incorporated herein as Exhibit C). As of the date of this Motion, Humana has not responded to either letter. Because Humana did not respond to Plaintiff's appeal letters, under the Humana Plan, the claim is deemed to have been denied and Plaintiff is free to proceed to the next level by filing her ERISA claim.

D.  <u>Plaintiff Requests Leave to Amend her Complaint Due to Conflicts in the Humana Plan as to Whether Plaintiff is Entitled to Continuation Coverage.</u>

    1.  <u>It is Unclear as to Whether Plaintiff was Entitled to Continuation Coverage.</u>

Plaintiff admits that she was terminated from employment with Defendant Slavin & Slavin on July 19, 2007. She also admits that she started her Humana Plan on June 1, 2007, less than three months prior to her termination. However, the question of whether Plaintiff was entitled to continuation coverage results in another conflict between the Certificate of Insurance and the Notices Packet.

Under the Certificate of Insurance, Plaintiff's insurance terminated on the date of the termination of her employment. See Exhibit A, page 35. Also under the Certificate of Insurance, Plaintiff could continue coverage if she was "covered under the Policy for at least three consecutive months immediately prior to termination." See Exhibit A, page 36. Therefore, according to the Certificate of Insurance, Plaintiff was not eligible for continuation coverage after her termination from employment on July 19, 2007.

The Notices Packet states that "[i]f you are an employee, you will become a qualified beneficiary if you lose your coverage under the Plan because… [y]our employment ends for any reason other than gross misconduct." See Exhibit B, page 11 The Notices Packet states that "[o]nce the Plan Administrator receives notice that a qualifying event has occurred, COBRA continuation coverage will be offered to

5

each of the qualified beneficiaries. Each qualified beneficiary will have an independent right to elect COBRA continuation coverage." See Exhibit B, page 12. The Notices Packet also states that "when the qualifying event is the end of employment… COBRA continuation coverage generally lasts for only up to at (sic) total of 18 months." Exhibit B, page 12.

Markedly absent from the Notices Packet is any notice to the unsophisticated reader that the benefits listed in the Notices Packet might not apply to all employers. Due to the absence of this provision, Defendants should be equitably stopped from denying Plaintiff the benefits of the statements in the Notices Packet. An estoppel arises when one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation. *Heckler v. Community Health Services of Crawford,* 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984); *see also Rosen v. Hotel and Restaurant Employees & Bartenders Union,* 637 F.2d 592, 597 (3d Cir.), *cert. denied* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981) (representation of fact cannot be denied if denial would cause injury to the relying party).

The instant case closely resembles *Peachin v. Aetna Life Insurance Co.*, 1994 WL 61793 (N.D.Ill.), in which an insurance company and an employer negligently misled employees into believing they were covered by an Aetna insurance plan. In *Peachin*, the plaintiff's Complaint did not list exactly what sections he was invoking under 29 U.S.C.A. §1132. Because the plaintiff's rights were unclear under the insurance plan, the court was allowed to consider recovery under each of the sections allowing relief under §1132. *Id.* The court decided the defendants' had breached a fiduciary duty to notify plaintiff of the conditions of the ERISA plan, and therefore plaintiff was entitled to recover under 29 U.S.C. §1132(c). *Id.*

As in *Peachin*, Plaintiff was misled by Defendant Humana's negligence in failing to explain that particular employers were not covered by certain federal statutes. Defendant Humana listed the benefits

6

of COBRA continuation coverage without disclosing that COBRA continuation coverage was not applicable to all employers. It provided different descriptions of continuation coverage in different sections of the Humana Plan. Through phone calls and emails, Defendant Slavin led Plaintiff to believe that she was entitled to continuation coverage. Due to Defendants' misleading behavior, Plaintiff reasonably believed she had continuation coverage and did not apply for alternate group insurance coverage. Defendants's misleading behavior equitably estops them from denying COBRA continuation coverage to Plaintiff.

The conflict between the Notices Packet and the Certificate of Insurance is very clear. Under the Certificate of Insurance, Plaintiff became qualified for continuation coverage after her third consecutive insured month. Under the Notices Packet, Plaintiff became a "qualified beneficiary" for continuation coverage when her employment was terminated. Also according to the Notices Packet, Plaintiff was eligible for continuation coverage for 18 months. Obviously, the Notices Packet contains the rights most beneficial to Plaintiff. Thus, the statements of the Notices Packet must be applied to Plaintiff's Humana Plan. Plaintiff was eligible for 18 months continuation coverage when her employment was terminated.

    2.    <u>Plaintiff requests this Court grant her leave to amend her Complaint according to the appropriate ERISA Section.</u>

Plaintiff has a claim under §1132(a)(1)(B) only if she was entitled to continuation coverage. However, if this Court finds that Plaintiff was not entitled to continuation coverage, Plaintiff would have a remedy under §1132(c). While drafting her Complaint, Plaintiff only had access to the Notices Packet. Thus, Plaintiff originally styled her Complaint according to the statements in the Notices Packet.

If this Court interprets the Humana Plan to read that Plaintiff was entitled to continuation coverage, Plaintiff wishes to amend her Complaint so that all remedies fall under the scope of a proper claim under §1132(a)(1)(B). Should this Court interpret the Humana Plan to read that Plaintiff was not entitled to

7

continuation coverage, Plaintiff wishes to amend her Complaint so that all remedies fall under the scope of a proper claim under §1132(c). If the Court cannot offer guidance on this matter and wishes to leave this decision in the hands of a jury, Plaintiff asks for leave to amend her Complaint to reflect the Conflict in the Humana Plan. In the alternative, Plaintiff requests leave to move for a separate trial on this issue as is allowed by Federal Rule of Civil Procedure Rule 42(b) to avoid any unnecessary prejudice and expedite resolution of this issue.

E.  <u>Plaintiff's position as to Counts II through VI of her Complaint.</u>

Plaintiff intends to file a Motion to Voluntarily Dismiss Counts II through VI of her Complaint and thus declines to respond to Defendants allegations regarding those Counts.

F.  <u>Conclusion</u>

For the reasons set forth above, Plaintiff MARY ANN HERTZ respectfully requests that this Honorable Court deny both HUMANA INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT and DEFENDANTS SLAVIN & SLAVIN, MARK SLAVIN, PAULA WISNIOWICZ AND SHARI SLAVIN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT and grant Plaintiff leave to amend her VERIFIED COMPLAINT or leave to move for a separate trial as noted above.

Respectfully submitted,

MARY ANN HERTZ

By:  <u>/s/ Rebecca L. Weinberg    </u>.
     One of her Attorneys

Rebecca L. Weinberg (IL ARDC No. 6284231)
Weinberg Law Group, Ltd.
655 West Irving Park Road, Suite 2703
Chicago, Illinois 60613
(773) 296-4900
Email: rweinberg@weinberglaw.net